The State v. Woodland.

THE STATE OF KANSAS, *Appellee*, v. GEORGE WOODLAND, *Appellant.*

No. 18,195.

SYLLABUS BY THE COURT.

DISPOSITION—*Of Liquors Wrongfully Seized Under Prohibitory Law.*   In a hearing under the provisions of section 4391 of the General Statutes of 1909 to determine what disposition should be made of the intoxicating liquors or other property seized under a warrant issued in a criminal action for maintaining a common nuisance in violation of the prohibitory liquor law, if the court shall find that any portion or all of such liquors or property were not used in maintaining a com-

41—89 KAN.

mon nuisance in the county where the action is brought, it is the duty of the court to order the liquors or property not so used to be returned to the place from which they were taken or delivered to the person establishing his claim to the same, as provided in section 4392 of the General Statutes of 1909.

Appeal from Montgomery district court. Opinion filed May 10, 1913. Reversed.

*T. J. Hanlon, F. B. Hanlon,* and *Charles Bucher,* all of Coffeyville, for the appellant.

*John S. Dawson,* attorney-general, *S. M. Brewster,* assistant attorney-general, *Charles D. Ise,* county attorney, and *Hal R. Clark,* of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant was arrested under a warrant issued upon an information filed in the district court of Montgomery county which charged him with maintaining a common nuisance in violation of section 4387 of the General Statutes of 1909. It was charged that the nuisance was maintained in "a certain four-wheeled transfer wagon located on Maple street (in Coffeyville, Montgomery county, Kansas), between the Missouri Pacific Railway Company's right of way and 14th street." The defendant was arrested on a warrant and a quantity of liquor was seized thereunder. Notice was given and a hearing had under the provisions of section 4391 of the General Statutes of 1909. The appellant appeared and filed his verified answer, in which he alleged, in substance, that the barrels and cases of beer in question were by him, at South Coffeyville, Okla., ordered from a brewing company at Milwaukee, Wis., that said brewing company shipped the same by interstate commerce from Milwaukee to the appellant at Coffeyville, Kansas, from which point it was his intention to transfer the beer from the car, in which it was shipped, by wagons and drays across the

south line of the state of Kansas to his storehouse, near the state line, in the town of South Coffeyville, Okla., there to be received, stored and used; that upon the arrival of the beer at Coffeyville, Kan., he caused the same to be unloaded from the car into a transfer wagon owned and operated by a transfer company; that while the beer was being so transported in the transfer wagon and was in transit from the state of Kansas to the state of Oklahoma the sheriff of Montgomery county wrongfully stopped the wagon while it was yet within the limits of Kansas and wrongfully seized the beer in the wagon and without authority of law carried the same to the city of Independence, Montgomery county, Kansas, and unlawfully withholds and detains the same from the appellant. He further alleges that he is the owner of the beer and that at the time of issuing the warrant in the action and of the seizing of the beer the same was not being used or kept for use, sale, barter or delivery by the appellant or any one else in maintaining or keeping a common nuisance within the state of Kansas or for the purpose of disposing of the same in violation of the laws of Kansas. He prayed for an order directing the sheriff to return the property to him.

Several objections are urged to the introduction of evidence and other trial errors on the hearing which it is unnecessary to consider. Upon the hearing the court, in its opinion and judgment, made an extended finding of the facts of the case, among which are the following:

"(2) That the said Geo. Woodland, was not engaged in the sale of intoxicating liquors in the State of Kansas nor maintaining a common nuisance in violation of the prohibitory liquor laws of Kansas, but intended and was attempting to transport the said intoxicating liquors from Coffeyville, Kansas, to his place of business at South Coffeyville, in the State of Oklahoma, with a view of there disposing of the same unlawfully in violation of the laws of the State of Oklahoma."

This finding conclusively entitled the appellant to an order for the delivery of the beer to him in accordance with the statute. The court also found that the appellant intended and was attempting to transport the beer into that portion of the state of Oklahoma formerly the Indian Territory in violation of the laws of the United States.

Thereupon the court decided:

"(7) That the defendant is not entitled to any protection or relief from this court in the furtherance of his unlawful business; that the intoxicating liquors herein seized and complained of are not entitled to the protection of the court, and that the defendant has no property rights therein entitled to the consideration and protection of this court."

The statute, providing what judgment should be rendered in such a hearing, reads as follows:

"If the court shall find that said intoxicating liquors or other property, or any part thereof, were at the time the complaint or information was filed being used in maintaining a common nuisance, he shall adjudge forfeited so much thereof as he shall find was being so used, and he shall order the officer in whose custody it is to publicly destroy the same; so much of said intoxicating liquor or other property as the court shall not find to have been used in maintaining a common nuisance he shall order returned by the officer in whose custody it is to the place, as nearly as may be, from which it was taken, or delivered to the person establishing his claim to the same." (Gen. Stat. 1909, § 4392.)

However commendable, from a moral standpoint, the judgment of the court may be in assisting to maintain the laws of the United States and of the sister state, the section of our statutes above quoted compels, under the findings of the court, the discharge and return of the liquors to the appellant.

The judgment is reversed and the case is remanded with instructions to render judgment in favor of the appellant as provided by the statute, and to enter of record an order in accordance with the judgment.